**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

<u>NOT FOR PUBLICATION</u>

| | |
|---|---|
| WYNDHAM HOTELS AND RESORTS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>AUGUSTO VIDAURRETA,<br><br>        Defendant. | Civil Action No.<br><br>2:15-cv-1109-SDW-SCM<br><br>**ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br>**[D.E. 4]** |

<u>**REPORT AND RECOMMENDATION**</u>

STEVEN C. MANNION, United States Magistrate Judge.

I.    **INTRODUCTION**

This matter comes before the Court upon Defendant, Augusto Vidaurreta's (hereafter "Defendant") motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2). (ECF Docket Entry No. ("D.E.") 4). The Honorable Susan D. Wigenton, United States District Judge, referred this motion to the undersigned pursuant to Local Civil Rule 72.1(a)(2) for report and recommendation. Oral argument was not held. Upon consideration of the parties' submissions, and for the reasons stated below, it is the recommendation of this Court that Defendant's motion to dismiss be **denied.**

1

## II. BACKGROUND

This matter involves an alleged breach of a Guaranty to a franchise agreement ("the Franchise Agreement") executed between Plaintiff, Wyndham Hotels and Resorts, LLC ("Wyndham") and nonparty Riverwalk Hotels, LLC ("Riverwalk"). Wyndham alleges that Defendant, Augusto Vidaurreta, breached the Guaranty when he "failed to make any payments, to perform, or to cause Riverwalk to perform each obligation required under the Franchise Agreement." (D.E. 1, Compl. at ¶20). Defendant is a 40% owner of the franchisee, Riverwalk. (D.E. 6-3, Attachment A: Selected Terms to the Franchise Agreement). The other principals of Riverwalk are Stevan Pardo (50% owner) and Brett Engelhard (10% owner). (*Id.*).

On February 10, 2006, Wyndham entered into a Franchise Agreement with Riverwalk for the operation of a hotel located in Florida for a term of twenty years. (D.E. 1, Compl. at ¶¶6 and 7). The Franchise Agreement was signed by a representative from Wyndham Franchise Systems, LLC and Mr. Pardo on behalf of Riverwalk. (D.E. 6-3, Franchise Agreement, at 45). Pursuant to the Franchise Agreement, Riverwalk was required to make periodic payments for royalties, marketing fees, reservation system fees, national sales fees, regional marketing fees, interest, and other fees. (*Id.* at sections 3 and 32A). Wyndham alleges that Riverwalk failed to make timely payments to Wyndham and other

2

creditors, and a receiver of Riverwalk's assets was appointed on July 8, 2010. (D.E. 6, Pl.'s Br. in Opp. To Def.'s Mot. to Dismiss for Lack of Jurisdiction, at 8). On or about April of 2011, Riverwalk lost possession of the hotel, resulting in termination of the Franchise Agreement. (D.E. 6-2, Decl. of Suzanne Fenimore, at ¶8).

The Guaranty was included in the Franchise Agreement as Attachment B. (*See* D.E. 6-3, Franchise Agreement, at ii). Defendant and Mr. Pardo signed the Guaranty, in which they "agree[d] to be bound by all the terms and conditions of the above Franchise Agreement." (D.E. 1-3, Attachment B: Guaranty to the Franchise Agreement). The first sentence of the Guaranty provides that the guarantors were agreeing to certain conditions in the Guaranty "[a]s an inducement to [Wyndham] to execute the Franchise Agreement." Specifically, the guarantors (1) warranted "that all of Franchisee's representations in the Franchise Agreement are true;" (2) "agree[d] to be bound by all the terms and conditions of the above Franchise Agreement;" and (3) "absolutely, unconditionally and irrevocably guaranty to Franchisor and its successors and assigns that all of Franchisee's obligations under the Agreement will be punctually paid and performed." (*Id.*)

The Franchise Agreement contained a forum selection clause in which "franchisee hereby irrevocably submits itself to the

3

non-exclusive personal jurisdiction of the state and the federal courts located in the state, county, or judicial district in which the franchisor's principal place of business is located and hereby waives all defenses to personal jurisdiction in such courts." (D.E. 6-3, Franchise Agreement, Section 27B). The Franchise Agreement further provided that its execution and acceptance of terms by the Parties occurred in New Jersey (Section 27E), and that it shall be interpreted and construed under New Jersey law (Section 27C). (*Id*. at sections 27E and 27C).

As part of the franchise application process, Defendant signed a Franchise Closing Acknowledgment Exhibit, in which Defendant acknowledged that he "studied and reviewed carefully [] the Franchise Agreement [he] received." (D.E. 6-5, Franchise Closing Acknowledgment Exhibit, at Number 4).

On February 11, 2015, Plaintiff filed a single-count complaint alleging breach of the Guaranty Agreement. (D.E. 1, Compl. at ¶¶18 to 21). On May 22, 2015, Defendant filed the instant motion seeking to dismiss Plaintiff's complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). (D.E. 4). Plaintiff filed its opposition on June 22, 2015. (D.E. 6). Defendant filed its Reply brief on June 26, 2015. (D.E. 8).

## III. DISCUSSION & ANALYSIS

### A. Legal Standard

1. Motion to Dismiss for Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2)

Once a defendant files a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden to establish sufficient facts to show that jurisdiction exists. *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,* 960 F.2d 1217, 1223 (3d Cir. 1992). Once a defendant has raised a defense of lack of jurisdiction, "plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F. 3d 324, 330 (3d Cir. 2009) (internal citations omitted). Where the district court does not hold an evidentiary hearing, the court "is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Id.*

Personal jurisdiction is a jurisdictional bar that can be waived by the parties. *Park Inn Intern., LLC v. Mody Enterprises, Inc.*, 105 F.Supp.2d 370, 374 (D.N.J. 2000) (citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703-04, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). A "party can give express or implied consent to the personal jurisdiction of the court through a variety of legal

5

arrangements, which include forum selection clauses in agreements executed by the parties." *Harbortouch Payments, LLC v. Denali State Bank*, 14-6049(FLW), 2015 WL 2381610, at *3 (D.N.J. May 19, 2015) (citing *Ins. Corp. of Ir., Ltd. V. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)) (internal citations and quotations omitted). "This rule is no more than a manifestation of the principle that personal jurisdiction is a legal right protecting the individual, not a limitation on the power of the Court." *Park Inn Intern., LLC*, 105 F.Supp.2d at 374 (citing *Compagnie de Bauxites,* 456 U.S. at 704)).

2. Forum Selection Clause

Since questions of jurisdiction, venue, and the enforcement of forum selection clauses are essentially procedural issues rather than substantive issues, federal law is applied to determine the effect of forum selection clauses in diversity cases. *Century 21 Real Estate, LLC v. Gateway Realty, Inc*., No. 10-5012 (DRD), 2011 WL 1322006, at *5 (D.N.J. Mar. 31, 2011) (citing *Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir.1995)).* In this district, forum selection clauses are routinely upheld as prima facie evidence that a court has personal jurisdiction over all defendants that are parties to a franchise agreement. *See Jackson Hewitt, Inc. v. Barnes*

*Enterprises*, No. 10-05108, 2011 WL 1467193 (D.N.J. Apr. 15, 2011). "While federal law is applied when determining the effect of a forum selection clause, state law is applied when construing the terms of a forum selection clause." *PNY Technologies, Inc. v. Miller, Kaplan, Arase & Co.*, LLP, 14-4150(ES), 2015 WL 1399199, at *4 n. 4 (D.N.J. Mar. 14, 2015) (citing *Wall Street Aubrey Golf, LLC v. Aubrey*, 189 Fed. App'x 82, 85 (3d Cir. 2006)).

**B. Analysis**

To determine the underlying question of whether the forum selection clause in the Franchise Agreement is applicable to the Guaranty, this Court must apply state contract law. *See Druckers' Inc. v. Pioneer Electronics (USA), Inc.*, no. 93-1931, 1993 WL 431162, at *5 (D.N.J. Oct. 20, 1993) (citing *Crescent Int'l, Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944 (3d Cir. 1987)). Under New Jersey law, "where several writings are made as part of one transaction relating to the same subject matter," these writings are to be read together to glean the intent of the parties. *See Norwood-Jeb, LLC, v. North River Mews Associates, LLC*, 2009 WL 1010963, at *7 (N.J. Super. App. Div. Apr. 15, 2009) (citing *Lawrence v. Tandy & Allen, Inc.*, 14 N.J. 1, 6 (1953)). "[T]he recitals in one may be explained,

7

amplified or limited by reference to the other – the one draws contractual sustenance from the other." *Id.*

Defendant does not dispute the validity of the forum selection clause; defendant disputes application of the clause to the Guaranty. Having reviewed the Franchise Agreement and the Guaranty, the Court finds that the forum selection clause in the underlying Franchise Agreement applies to the attached Guaranty. As an initial matter, the Court notes that the Guaranty is not a separate writing from the Franchise Agreement, but rather is labeled as Attachment B to the Franchise Agreement. The Guaranty is even referenced in the Table of Contents of the Franchise Agreement, as "Attachment B – Guaranty." (D.E. 6-3, Franchise Agreement, at ii). Thus, not only did the Guaranty and the underlying Franchise Agreement appear to have been executed as part of the same transaction, but they are also part of a single writing.

Second, the language of the Guaranty conveys that the Franchise Agreement would not have been executed without the Guaranty, implying interdependence. The first sentence of the Guaranty provides that the guarantors were agreeing to be bound by all the terms and conditions of the Franchise Agreement "*as an inducement* to Wyndham Franchise Systems, LLC ("Franchisor") to execute the Franchise Agreement." (D.E. 1-3, Guaranty) (emphasis added). Furthermore, the short, three paragraph

Guaranty makes reference to the underlying Franchise Agreement no less than six times, and both the first and last sentences of the Guaranty refer to the Franchise Agreement. Thus, the Guaranty in itself implies that it is to be read in conjunction with the Franchise Agreement. *See Norwood-Jeb, LLC,* 2009 WL 1010963, at *7 ("the one draws contractual sustenance from the other.").

Third, the Guaranty itself acknowledges that the Guaranty applied to "***all the terms and conditions*** of the above Franchise Agreement." (*See* D.E. 1-3, Guaranty) (emphasis added). Defendant argues that the language of the Guaranty "indicates that each individual guarantor's guaranty was limited to the Franchise Agreement's payment obligations – not to "all obligations and agreements." (D.E. 4-1, D's Br. in Support of Mot. to Dismiss, at 6). The Court's review of the Guaranty Agreement leads the Court to a different conclusion. The first sentence of the Guaranty is unambiguous in its express statement that Defendant and Pardo had agreed to be bound by all the terms and conditions of the Franchise Agreement.

Fourth, even if the Guaranty and the Franchise Agreement were considered separate writings, the Defendant signed a Franchise Closing Acknowledgment Exhibit as part of the franchise application process, in which Defendant acknowledged that he "studied and reviewed carefully [] the Franchise

9

Agreement [he] received." (D.E. 6-5, Franchise Closing Acknowledgment Exhibit, at Number 4). This Franchise Closing Acknowledgment Exhibit, taken in conjunction with the language of the Guaranty indicating that the guarantor agreed to be bound by "all the terms and conditions of the above Franchise Agreement," demonstrates that the parties intended for the guarantors to be familiar with all the terms and conditions of the franchise agreement, and to agree to be bound by those terms and conditions in signing the Guaranty.

Finally, the Court notes that Defendant guarantor did not have a remote relationship with Riverwalk, the franchisee that was the signatory of the Franchise Agreement. Although Defendant argues that he did not sign the Franchise Agreement, but that it was signed by Stevan Pardo, who is 50% owner of Riverwalk on behalf of Riverwalk, Defendant himself was 40% owner of Riverwalk. Even if Defendant had no active role in the purchase and operation of the hotel, as he claims, Defendant's relationship to the signatory of the Franchise Agreement, his signing of the Franchise Closing Acknowledgement Exhibit, and his signing of the Guaranty impute a lack of ignorance of the Franchise Agreement. Indeed, Defendant does not argue that any of these documents were signed under duress or fraud, or are otherwise invalid.

In sum, taking all these considerations together, the Court finds that the intent of the parties was that the forum selection clause would apply to any disputes concerning breach of the Guaranty. The Court concludes that Defendant waived his right to object to personal jurisdiction in this Court under the forum selection clause in the Franchise Agreement, and respectfully recommends that the District Court DENY Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

**IV.   CONCLUSION**

In conclusion, it is respectfully recommended that Plaintiff's Motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) be **DENIED.**

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/28/2015 8:42:19 AM

Original: Clerk of the Court
cc: All parties
    File

11