<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WYNDHAM HOTELS AND RESORTS, LLC,<br><br>                      Plaintiff,<br><br>   v.<br><br>AUGUSTO VIDAURRETA,<br><br>                      Defendant. | Civil Action No.15-cv-1109 (SDW) (SCM)<br><br>**ORDER**<br><br>October 30, 2015 |

**WIGENTON**, District Judge.

Before this Court is the Report and Recommendation ("R&R") entered on September 28, 2015, by Magistrate Judge Steven C. Mannion ("Judge Mannion"), recommending that Defendant Augusto Vidaurreta's ("Defendant") Motion to Dismiss for Lack of Jurisdiction (Dkt. No. 4) be denied. Defendant filed an objection to the R&R on October 21, 2015.

This Court has reviewed the reasons set forth by Judge Mannion in the R&R and the other documents in this matter along with Defendant's objection. Based on the foregoing, and for good cause shown, it is hereby

**ORDERED** that the R&R of Judge Mannion (Dkt. No. 10) is **ADOPTED** as the conclusions of law of this Court.[1]

---

[1] This Court notes that denial of Defendant's motion is warranted even under a "strict construction" of the Guaranty because, as discussed in the R&R, the Guaranty plainly refers to and incorporates "all the terms and conditions of the . . . Franchise Agreement." Dkt. No. 6-3, Attachment B; *See, e.g.*, *Days Inn Worldwide, Inc. v. Prudent Lodging of Kalamazoo, LLC*, No. CIV.A. 11-2493, 2011 WL 3329526, at *2 (D.N.J. Aug. 1, 2011) (holding that a New Jersey forum selection clause applied to a defendant guarantor where "[t]he Guaranty . . . clearly refer[red] to and incorporate[d] the [related agreement]'s forum selection clause"); *Super 8 Motels, Inc. v. AUM Corp.*, No. CIV.A.07-5194(JAG), 2008 WL 4951217, at *4 (D.N.J. Nov. 18, 2008) (exercising personal jurisdiction over defendant guarantors where "the Guaranty Agreement incorporate[d] the [New Jersey] forum selection clause" in a related franchise agreement). It would strain logic to hold that New Jersey is not the proper forum for this dispute in light of the Guaranty's many references to the Franchise Agreement as well as the Franchise Agreement's clear selection of New Jersey as the forum. (*See* Dkt. No. 6-3.)

**SO ORDERED**.

<u>s/ Susan D. Wigenton, U.S.D.J.</u>

Orig: Clerk
cc: Steven C. Mannion, U.S.M.J.
      Parties